### KUBER v. GAMACHE.

(Supreme Court, Appellate Term.   June 12, 1911.)

DISMISSAL AND NONSUIT (§ 81*)—FAILURE TO PROSECUTE—OPENING DEFAULT
—TERMS.

Where an affidavit of the actual engagement of plaintiff's counsel in the Supreme Court when the case was called for trial was presented to the trial justice, and a request made that the case be held for another day, and plaintiff's counsel was actually so engaged, it was error to impose costs or disbursements as a condition to setting aside an order dismissing the complaint.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 182–192; Dec. Dig. § 81.*]

Appeal from City Court of New York, Special Term.

Action by Charles Kuber, Jr., against Joseph Gamache. From so much of a City Court order as imposed costs as a condition of setting aside the dismissal of plaintiff's complaint, he appeals. Modified and affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Edwin G. Davis, for appellant.
Willoughby B. Dobbs, for respondent.

PER CURIAM. The proof shows that, when the default of the plaintiff herein was taken, the plaintiff's counsel was actually engaged in the trial of an action in the Supreme Court. It is also quite clear that an affidavit of such actual engagement was presented to the trial justice when the case was called for trial, and a request made that the case be held for another day. Under this state of facts, no costs or disbursements should have been imposed as a condition for opening the default.

Order appealed from modified, by striking therefrom the imposition of the costs and disbursements of the trial, and, as modified, affirmed, with $10 costs and disbursements upon this appeal to the appellant.